**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SAMANTHA ADKINS, individually and on behalf of all others similarly situated, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:18-cv-841 |
| | : | |
| STEWARD HEALTH CARE SYSTEM, LLC, | : | |
| | : | |
| Defendant. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Steward Health Care System, LLC ("Defendant" or "Steward"), by and through its undersigned counsel, Fisher & Phillips LLP, answers the Nationwide Class Action Complaint ("Complaint") filed by Plaintiff Samantha Adkins ("Plaintiff") as follows:

## INTRODUCTION

1.      Defendant admits only that Plaintiff purports to bring this action, individually and on behalf of all others alleged to be similarly situated, against Defendant and that Plaintiff alleges violations of Title III of the ADA.  To the extent that paragraph 1 of the Complaint alleges that Defendant violated any law or that class certification is proper, such allegations call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies those allegations for that reason.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation in paragraph 3 of the Complaint that she visited Defendant's facilities and, therefore, denies the allegation for that reason.  With regard to Plaintiff's

allegation that she was denied full and equal access as a result of Defendant's inaccessible parking lots and paths of travel, the allegation calls for a legal conclusion for which no responsive pleading is required and is, therefore, denied.

4.      The allegations contained in paragraph 4 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

5.      The allegations contained in paragraph 5 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation in paragraph 6 of the Complaint that Plaintiff and the proposed class will be deterred from fully using Defendant's facilities and, therefore, denies the allegation for that reason.  The remaining allegations calls of paragraph 6 of the Complaint for legal conclusions for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

7.      The allegations contained in paragraph 7 of the Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and, therefore, such allegations are denied.

8.      Defendant admits only that Plaintiff seeks a permanent injunction.  As to the permanent injunctive relief sought by Plaintiff, as alleged in paragraph 8 of the Complaint,

Defendant denies that Plaintiff is entitled to the permanent injunctive relief sought.   If and to the extent the allegations contained in paragraph 8 of the Complaint charge Defendant with unlawful conduct, Defendant denies such allegations.

9.     Defendant admits only that Plaintiff purports to assert her claims for permanent injunctive relief as class claims.  Defendant denies that Plaintiff is entitled to class treatment of her claims.  The remaining allegations of paragraph 9 of the Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and, therefore, such allegations are denied.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

10.     The allegations contained in paragraph 10 of the Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and, therefore, such allegations are denied.

11.     The allegations contained in paragraph 11 of the Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and, therefore, such allegations are denied.

12.     The allegations contained in paragraph 12 of the Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and, therefore, such allegations are denied.

13.     The allegations contained in paragraph 13 of the Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and, therefore, such allegations are denied.

14.     The allegations contained in paragraph 14 of the Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and, therefore, such allegations are denied.

15.     The allegations contained in paragraph 15 of the Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and, therefore, such allegations are denied.

16.     The allegations contained in paragraph 16 of the Complaint refer to a writing, which speaks for itself, and any attempt to paraphrase or mischaracterize its terms is improper, and, therefore, such allegations are denied.

## JURISDICTION AND VENUE

17.     The allegations contained in paragraph 17 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.

18.     The allegations contained in paragraph 18 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.

19.     The allegations contained in paragraph 19 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.

## PARTIES

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation contained in the first two sentences in paragraph 20 of the Complaint and, therefore, denies the allegation for that reason.  With regard to the remaining allegations contained in paragraph 20 of the Complaint, the allegations call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.

21.     Defendant admits the allegations contained in paragraph 21 of the Complaint.

22.     Defendant admits only that it is a Delaware limited liability company.  Defendant denies the remaining allegations contained in paragraph 22 of the Complaint.

23.     The allegations contained in paragraph 22 of the Complaint call for a legal conclusion for which no responsive pleading is required.

## FACTUAL ALLEGATIONS

### As To Plaintiff's Claim That She Has Been Denied Full and Equal Access to Defendant's Facilities

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies those allegations for that reason.  If and to the extent the allegations contained in paragraph 24 of the Complaint charge Defendant with unlawful conduct, Defendant denies such allegations.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies those allegations for that reason.  If and to the extent the allegations contained in paragraph 25 of the Complaint charge Defendant with unlawful conduct, Defendant denies such allegations.

26.     The allegations contained in paragraph 26 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

27.     The allegations contained in paragraph 27 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

28.     The allegations contained in paragraph 28 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

29.     Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's allegation that she is dependent upon a wheelchair and therefore denies the allegation for that reason.  The remaining allegations contained in paragraph 29 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

**As To Plaintiff's Claim that Defendant Repeatedly Denies Individuals With Disabilities Full and Equal Access to Defendant's Facilities**

30.     Defendant denies the allegations contained in paragraph 30 of the Complaint as vague.

31.     Defendant denies the allegations contained in paragraph 31 of the Complaint as stated, and further denies the allegations as vague.

32.     Defendant denies the allegations contained in paragraph 32of the Complaint.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to what Plaintiff's "investigators" examined and/or found, as contained in paragraph 33 of the Complaint, including subparts (a)-(f), and, therefore, denies those allegations for that reason.  Defendant denies Plaintiff's allegation in paragraph 33 of the Complaint that Defendant implements policies and practices that routinely result in accessibility violations.

34.     The allegations contained in paragraph 34 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

35.     The allegations contained in paragraph 35 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

36.     Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.     Defendant admits only that Plaintiff seeks an injunction.  As to the injunctive relief sought by Plaintiff, as alleged in paragraph 37 of the Complaint, Defendant denies that Plaintiff is entitled to the injunctive relief sought.   If and to the extent the allegations contained in paragraph 37 of the Complaint charge Defendant with unlawful conduct, Defendant denies such allegations.

## CLASS ALLEGATIONS

38.     Defendant admits only that Plaintiff purports to bring this class action individually and on behalf of the class of individuals enumerated in paragraph 38 of the Complaint.  Defendant denies class treatment of this matter is appropriate and denies all remaining allegations contained in paragraph 38 of the Complaint.

39.     The allegations contained in paragraph 39 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

40.     The allegations contained in paragraph 40 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

41.     The allegations contained in paragraph 41 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

42.     The allegations contained in paragraph 42 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

43.     The allegations contained in paragraph 43 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

## SUBSTANTIVE VIOLATION

44.     Defendant repeats and realleges its responses to paragraphs 1 through 43 of the Complaint as if set forth at length herein.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint as stated.

46.     The allegations contained in paragraph 46 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.

47.     The allegations contained in paragraph 47 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.

48.     The allegations contained in paragraph 48 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

49.     The allegations contained in paragraph 49 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

50.     The allegations contained in paragraph 50 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

51.     The allegations contained in paragraph 51 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.

52.     The allegations contained in paragraph 52 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.

53.     The allegations contained in paragraph 53 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

54.     The allegations contained in paragraph 54 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

55.     The allegations contained in paragraph 55 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

56.     The allegations contained in paragraph 56 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.  By way of further response, Defendant denies that class treatment is appropriate.

57.     The allegations contained in paragraph 57 of the Complaint call for a legal conclusion for which no responsive pleading is required and are, therefore, denied.  If and to the extent that a responsive pleading is required, Defendant denies said allegations to the extent that they allege any wrongful or unlawful conduct by Defendant.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Defendant denies that Plaintiff is entitled to any judgment, award, damages or other relief, including the relief prayed for at subparts (a)-(f) of Plaintiff's Prayer for Relief, and respectfully requests that this Honorable Court dismiss the Complaint with prejudice and award to Defendant its costs, attorneys' fees and other such and further relief as this Honorable Court deems just and proper.

## GENERAL DENIAL

Any allegation in the Complaint not heretofore specifically admitted or denied is hereby denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

Without conceding that Defendant bears the burden of proof as to any issue, Defendant asserts the following defenses to the Plaintiff's Complaint.

## FIRST DEFENSE

Defendant is not required to remove any alleged barriers to access of persons with disabilities that are not readily achievable, or where alternative methods are not readily achievable, easily accomplishable or technically feasible.  Further Defendant is not required to remove the alleged barriers to access of persons with disabilities that Plaintiff seeks if doing so would create safety hazards, would result in an undue burden on Defendant and others and/or cannot be accomplished without much difficulty or expense.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim for which relief may be granted.

## THIRD DEFENSE

Plaintiff lacks standing with respect to barriers which do not impair Plaintiff's enjoyment of the public accommodation and which Plaintiff did not encounter.  Plaintiff further lacks standing to challenge the barriers at a facility that she did not visit prior to filing the Complaint and/or to those facilities to which she is unlikely to return.

## FOURTH DEFENSE

Plaintiff lacks standing to bring the causes of action asserted in the Complaint and, to the extent she has standing to bring the Complaint, Plaintiff lacks standing to challenge any alleged barriers not specifically identified and set forth therein.  Plaintiff further lacks standing to challenge any alleged barriers identified in the Complaint for which she fails to explain how the barriers allegedly impaired her ability to access the facility, impaired her enjoyment of the facility and/or deterred her from visiting the facility.

## FIFTH DEFENSE

Plaintiff lacks standing to assert the claims for injunctive relief set forth in the Complaint in that Plaintiff has not alleged, and cannot establish, any real immediate threat of repeated injury as to the barriers alleged in the Complaint.

## SIXTH DEFENSE

The Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiff was not a bona fide patron of the facility.

## SEVENTH DEFENSE

Plaintiff cannot meet the requirements of Rule 23(a)(1) of the Federal Rules of Civil Procedure because she cannot show that she represents a class sufficiently numerous to warrant class treatment.

**EIGHTH DEFENSE**

Plaintiff cannot meet the basic criteria of Rules 23(a)(2) and (3) of the Federal Rules of Civil Procedure because she cannot show that there are questions of law or fact common to members of the putative class or that her claims are typical of the claims of the putative class.

**NINTH DEFENSE**

Plaintiff cannot meet the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure for class representation because she cannot show that she will adequately represent and protect the interests of the putative class.

**TENTH DEFENSE**

To the extent that Plaintiff seeks to certify a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, Plaintiff cannot show that Defendant's policies or practices, actions or omissions, if any, or series of actions or omissions, if any,  have resulted in a refusal to act in regard to Plaintiff and the putative class members on grounds which are generally applicable to all of them and, therefore, cannot provide that final injunctive relief with respect to the class as a whole is appropriate.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to the injunctive relief sought against Defendant to the extent she has failed to join and/or serve necessary parties to the action to effect such relief.

**TWELFTH DEFENSE**

Plaintiff is not entitled to the injunctive relief sought to the extent such relief would require Defendant to adopt corporate policies and practices that direct or require Defendant to continually search for hypothetical access barriers that might need correcting and/or to actively seek out potential violations.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent that Defendant does not have control each facility, or all portions of each facility, that Plaintiff challenges as inaccessible in the Complaint.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred to the extent that Defendant does not own, operate or lease a facility that Plaintiff challenges as inaccessible in the Complaint.

## FIFTEENTH DEFENSE

Plaintiff's claims that any facility was designed in violation of the ADA are barred to the extent that the facility was designed and constructed prior to the effective date of the relevant portion of the ADA or its regulations.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred to the extent that, with respect to any particular architectural elements of any facility that departs from accessibility guidelines, Defendant provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

## SEVENTEENTH DEFENSE

Upon information and belief, if assuming *arguendo*, the ADA 1991 Standards or the 2010 Standards for Accessible Design are deemed relevant in this case, any deviations from those guidelines are *de minimus* and within applicable construction tolerances.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred to the extent that there was no "alternation" at a facility within the meaning of the ADA that triggered an obligation to make the modifications that Plaintiff seeks and/or, to the extent that there was "alteration" at a facility, the modifications

sought were either not triggered by the "alteration," or were triggered, but cost in excess of 20% of the overall cost of the entire "alternation."

### NINETEENTH DEFENSE

Plaintiff's claims are barred to the extent that any alleged barrier was built within conventional industry tolerances for departures from any set design standard.

### TWENTIETH DEFENSE

Defendants did not intentionally impede or impair access to Plaintiff and alleges that to the extent any alleged discriminatory conduct occurred, which it did not, that such conduct was not intentional.

### TWENTY-FIRST DEFENSE

Plaintiff has not been denied full and equal access to the benefits, accommodations and services offered by the facilities.

### TWENTY-SECOND DEFENSE

Defendant made good faith efforts to comply with the ADA.

### TWENTY-THIRD DEFENSE

Plaintiff's Complaint and her claims for relief are barred to the extent the alleged violations of law are excused, exempted or justified under the statutes, regulations and/or design standards under which Plaintiff has sued, including by the edition of any applicable building code.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of mootness insofar as the barriers alleged by Plaintiff, if there were any, have been or will be remediated when this action is finally adjudicated.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of unclean hands to the extent that Plaintiff engaged in conduct that proximately caused or contributed to any and all injuries that Plaintiff allegedly suffered.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and waiver to the extent that Plaintiff failed to take reasonable measures to learn of or use the accessible facilities at the facility.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations periods and/or notice requirements.

### TWENTY-EIGHTH DEFENSE

Defendant reserves the right, upon completion of its investigation and discovery, to add such other special and/or affirmative defenses as may become apparent to it through the course of discovery.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and award Defendant attorneys' fees, costs, and other expenses and otherwise any and all relief to Defendant that the Court may deem necessary and proper.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

Dated: October 17, 2018

By:     /s/ Heather Z. Steele
Todd Alan Ewan, Esquire – PA69474
Heather Z. Steele, Esquire – PA91391
150 N. Radnor Chester Road, Suite C300
Radnor, PA  19087
(610) 230-2150 (phone)
(610) 230-2151 (facsimile)
tewan@fisherphillips.com
hsteele@fisherphillips.com